## UNITED STATES of America

### v.

**BCCI HOLDINGS (LUXEMBOURG), S.A., Bank of Credit and Commerce International, S.A., Bank of Credit and Commerce International (Overseas) Limited, and International Credit and Investment Company (Overseas) Limited, Defendants.**

Crim.Action No. 91–0655 (JHG).

United States District Court,
District of Columbia.

Nov. 7, 1996.

U.S. Department of Justice, Stefan D. Cassella, Deputy Director, Asset Forfeiture Office, Michele L. Crawford, Trial Attorney, Olney, MD, for the Government.

David W. O'Brien, Michaels, Wishner & Bonner, P.C., Washington, DC, Philip M. Chiappone, Fennell & Chiappone L.L.P., New York City, for Banque de Commerce et de Placements.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

Upon consideration of the United States' Motion to Dismiss the L–Claim of Banque de Commerce et de Placements ("BCP"), BCP's opposition thereto, the United States' reply, the United States' Notice of BCP's Failure to Appear for Deposition (filed Nov. 1, 1996), BCP's Report (filed Nov. 6, 1996), and the entire record in this matter, the motion will be granted. BCP's L–Claim will be dismissed.

### I. Background

BCP filed its L–Claim pursuant to the criminal forfeiture provisions of 18 U.S.C. § 1963($l$) seeking to recover assets forfeited by Bank of Credit and Commerce International ("BCCI"). Almost two years ago, on November 29, 1994, this Court entered an Order granting discovery on the government's motion, which included a document production request.

BCP did not respond to the government's document production request before the end of the discovery period, and, on June 14, 1995, the United States filed a motion to dismiss due to BCP's failure to cooperate in discovery. However, because BCP eventually provided some documents, the United States withdrew, without prejudice, the pending motion to dismiss on August 25, 1995.

The United States thereafter became dissatisfied with the discovery produced, or lack thereof, by BCP. On March 28, 1996, it filed a motion to compel discovery or dismiss BCP's claim for failure to cooperate. After briefing was complete, the Court granted the United States' motion to compel discovery. The Court's Order stated that "[f]ailure to comply with this Order may result in the dismissal of BCP's petition filed under 18 U.S.C. § 1963($l$) (1994)." Order of May 8, 1996. The Court directed BCP to produce the discovery requested by the United States or to seek appropriate protective orders on or before May 31, 1996. BCP did not seek

any protective orders, but it did produce some documents.

A status conference was held on June 18th, at which time BCP requested, and received, a 30–day extension to produce discovery materials sought by the United States including the production of a witness to be deposed. The government continued to argue that the discovery produced by BCP was incomplete and inadequate, and the Court again ordered BCP to produce all discovery previously requested. BCP was also directed to identify a witness for a deposition to be held at a place and time to be mutually arranged by counsel. *See* Order of June 18, 1996.

The United States served its Notice of Deposition on June 24, 1996, and the deposition of Walter Spoerri was scheduled to be held on July 16, 1996. BCP sought yet another extension of the discovery period, which included rescheduling the deposition of Mr. Spoerri until August 7th, 8th or 9th. On July 16th, the Court granted, over objection by the United States, BCP's request to extend the deposition date until early August. The United States thereafter served a Second Notice of Deposition, which reset Mr. Spoerri's deposition for August 7, 1996. However, on August 5th, BCP's counsel advised the United States that Mr. Spoerri would not appear for the deposition. This notification was confirmed by letter of August 6th, which stated in relevant part: "Confirming my telephone call Monday, Mr. Walter Spoerri will not be in attendance at the deposition scheduled for August 7, 1996." Letter of Philip M. Chiappone, Esq., attached to United States' Motion to Dismiss.

The United States then filed the instant motion, seeking the dismissal of BCP's L–Claim. After obtaining an extension within which to respond to the government's motion, BCP opposed the dismissal, arguing that the Court should rule on the L–Claim of Banque Indosuez first because such a ruling might render the current discovery dispute moot since its L–Claim is substantially similar to that of Banque Indosuez. However, the Court previously denied the United States' motion to consolidate the L–Claims of BCP and Banque Indosuez, in large measure because the Court accepted BCP's argument

then that its L–Claim was "substantially different" than Banque Indosuez's petition. *See* Order of May 8, 1996 (denying government's motion for consolidation). While offering the new "substantially similar" argument in opposition to the motion to dismiss, BCP provided absolutely no explanation for Mr. Spoerri's failure to appear. In its opposition, BCP did not say that Mr. Spoerri attempted, but was unable, to appear for the deposition.

On October 23rd, the Court rejected BCP's "substantially similar" argument and ordered that, consistent with its Order of May 8, 1996, the L–Claims of BCP and Banque Indosuez would proceed independently. Although Mr. Spoerri's failure to appear would, by itself, justify dismissing BCP's petition, *see, e.g., Founding Church of Scientology*, 802 F.2d 1448, 1457–58 (D.C.Cir.1986), *cert. denied*, 484 U.S. 871, 108 S.Ct. 199, 98 L.Ed.2d 150 (1987); *Aruba Bonaire Curacao Trust Co. v. C.I.R.*, 777 F.2d 38, 45 (D.C.Cir. 1985), *cert. denied*, 475 U.S. 1086, 106 S.Ct. 1469, 89 L.Ed.2d 725 (1986), the Court nevertheless held the United States' motion in abeyance. The Court stated that "the sanction of dismissal is extreme, and the Court believes that it is appropriate to 'administer justice with mercy' by allowing BCP a final chance to produce." Order of October 23, 1996 (citing 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2284, at 633 (2d ed. 1994) (collecting cases)).

This Court determined that, while not required, it was appropriate to provide BCP with a final opportunity to comply fully and completely with the discovery sought previously by the United States precisely because dismissal is a dire sanction. *Id.* at 2. The Court noted that "where BCP's failure to produce discovery frustrates litigating the merits, dismissal becomes the 'sanction of last resort,' simply because no less drastic response would be effective." *Id.* at 2–3 (citing *Bonds v. District of Columbia*, 93 F.3d 801, 809 (D.C.Cir.1996); *Weisberg v. Webster*, 749 F.2d 864, 872 (D.C.Cir.1984)). Accordingly, the Court ordered BCP to produce *all* discovery previously requested that had not yet been produced, including the

deposition of Walter Spoerri, on or before November 6, 1996. The Order stated: *"Under Fed.R.Civ.P. 37, failure to comply with this Order will result in dismissal of BCP's petition with prejudice."* *Id.* at 3 (citing *National Hockey League v. Metro. Hockey Club Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Societe Internationale v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958)) (emphasis in original).

The United States scheduled a deposition of Mr. Spoerri for November 1, 1996, providing notice to BCP on October 25, 1996. On October 31st, counsel for BCP advised the government that no deponent would be produced and, in fact, on November 1st, no one appeared on behalf of BCP. BCP failed to seek timely a protective order.

On November 6, 1996, pursuant to a requirement imposed by this Court, BCP filed a status report, which provided:

> BCP is unable at this time to produce Mr. Walter Spoerri for deposition. While we adhere to our position contained in BCP's Memorandum in Opposition to the motion of the United States to Dismiss of October 11, 1996, we understand that, pursuant to this Court's Order of October 23, 1996, BCP's failure to produce Mr. Spoerri for deposition will result in dismissal of BCP's L–Claim.

Report of BCP Pursuant to this Court's Order of October 23, 1996 ("BCP's Report").

## II. Discussion

 The Court has broad discretior to impose sanctions, including dismissal, due to a party's failure to comply with court-ordered discovery under Fed.R.Civ.P. 37(b)(2) or due to a party's failure to appear at a scheduled deposition under Fed.R.Civ.P. 37(d). *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780–81, 49 L.Ed.2d 747 (1976); *Bonds v. District of Columbia*, 93 F.3d 801, 807 (D.C.Cir.1996); *see Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C.Cir. 1990) (dismissal justified on court's own motion). *See generally* 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2284, at 614 (2d ed. 1994). However, Rule 37 does not authorize dismissal where the party's failure is due to an inability to comply. *See Societe Internationale v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1095–96, 2 L.Ed.2d 1255 (1958). And, before dismissing a petition due to a party's failure to comply with discovery, the Court must find that a lesser sanction would not be effective. *Bonds*, 93 F.3d at 809; *see* 8A Wright, Miller & Marcus, *supra* § 2284, at 623.

 As outlined above, it is abundantly clear that BCP has repeatedly failed to comply with orders by this Court to produce discovery and to make a witness available for a deposition. BCP has not sought any protective orders nor has it endeavored to explain its failure to comply. While BCP merely stated that it "is unable at this time to produce Mr. Walter Spoerri for deposition," it has not indicated when Mr. Spoerri would be available, if ever, or the reason for his present unavailability. Nor has it requested an extension. There is no credible basis for the Court to conclude that BCP's failures were other than willful.

The Court has repeatedly warned BCP that failure to comply could result in dismissal of its L–Claim, *see Founding Church of Scientology*, 802 F.2d at 1459 n. 15, and BCP has explicitly acknowledged this warning. *See* BCP's Report, at 1. While a sufficient legal basis existed to dismiss BCP's L–Claim after it failed to produce Mr. Spoerri for the scheduled deposition on August 7, 1996, the Court offered BCP yet another opportunity to save its L–Claim. *See* Order of October 23, 1996. In this Order, the Court warned BCP that failure to comply *will* result in the dismissal of its L–Claim *with prejudice*. This warning was "crystal clear." *Founding Church of Scientology*, 802 F.2d at 1459 n. 15. Nevertheless, as before, BCP failed to comply with the Court's Order: it failed to produce a witness for the scheduled deposition on November 1st, and it has failed to offer any reasons whatsoever for its repeated non-compliance.

Dismissal is the appropriate sanction. Because the failure to produce discovery blocks the United States' ability to litigate the merits of BCP's L–Claim, a less severe sanction would not be effective. *See Founding*

*Church of Scientology,* 802 F.2d at 1459. BCP's failure to comply with discovery over an extended period of time has also impeded the Court's docket, and it has required the United States to expend considerable resources in needless litigation. *See Bristol Petroleum Corp.,* 901 F.2d at 167. Moreover, the sanction of dismissal offers the necessary deterrent effect to protect the integrity of the judicial system as well as the Court's future ability to oversee discovery and resolve L–Claims expeditiously in the BCCI asset forfeiture litigation. *See id.*

### III. Conclusion

Accordingly, for the reasons expressed above, it is hereby

**ORDERED** that BCP's L–Claim is dismissed with prejudice.

IT IS SO ORDERED.